## Trustees of Schools v. The People ex rel. Updike.

1. HIGH SCHOOLS—*Construction of the Statute.*—The proper construction of the last clause of Par. 67, Chap. 122, R. S., entitled "Schools," providing "that whenever a city of not less than 1,000 and not more than 100,000 inhabitants lies within two or more townships, then that township in which a majority of the inhabitants of said city reside shall, together with said city, constitute a school township under this act for high school purposes," is that so much of the city as is outside of the township in which a majority of the inhabitants reside shall be attached to that township, and such township so enlarged shall constitute a school township for high school purposes.

2. SAME—*Special Statutes (Municipal Charters) and the General Law.*—The special provisions of the charter of Litchfield (Private Laws, 1861, 748), by which the city is erected into a school district as well as a school township, do not prevent the operation of the general statutes relating to high schools. (R. S., Chap. 122, Sec. 67.)

3. STATUTES—*Construction of School Township.*—The term "school township," as used in the first clause of Sec. 67, Chap. 122, R. S., refers to a congressional township.

4. SCHOOL ELECTIONS—*Not Rendered Void by Reason of Irregularities in the Petition.*—The fact that a petition for an election called for the purpose of voting for or against a high school is addressed to proper person by wrong official title, does not invalidate the election.

**Petition for Mandamus.**—Appeal from the Circuit Court of Montgomery County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

RINAKER & RINAKER, attorneys for appellants.

JAMES M. TRUITT, attorney for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was a petition for mandamus to compel appellants to canvas and declare the result of an election upon the question of establishing a high school. The judgment was against appellants and according to the prayer of the petition.

The first question is whether the case is within Par. 67, Chap. 122 R. S. (Hurd's Ed.), p. 1292.

That section provides that upon the petition of not less than fifty voters of any school township filed with the township treasurer * * * he shall notify the voters of an election for or against township high school, * * * ' and "that when any city in this State having a population of not less than one thousand and not over one hundred thousand inhabitants lies within two or more townships, then that township in which a majority of the inhabitants of said city reside shall, together with said city, constitute a school township under this act for high school purposes."

The proper construction of this last clause is that so much of the city as is outside of the township in which a majority of the inhabitants of said city reside shall be attached to that township, and such township, so enlarged, shall constitute a school township for high school purposes.

The city of Litchfield is partly within township 9 and partly within township 8, the majority of the inhabitants resding within 9, and thus is presented very clearly, as we think, a case within the letter and purpose of the statute.

It is argued, however, that by the charter of the city the territory thereof is erected into a school township as well as a school district, and therefore the statute is inapplicable. Without stating in detail the various provisions of the charter relative to this matter, it is enough to say that in effect the city was made a school district, and that some of the characteristics of a school township are added, but at most it could be called a *quasi* township only.

We see no reason why these special provisions of the charter should prevent the operation of the general statute. Indeed, it might be granted that a township for peculiar purposes was thereby constituted, and yet the territory thereby included might be attached to other territory in order to constitute a school township for high school purposes.

Evidently the term " school township," as used in the first clause of the section, refers to a congressional township, which, by the express provision of section 30, is a township for school purposes.

The result is, that so much of the city as lies in township 8 is attached to township 9, and the latter as thus augmented is to be considered a township for high school purposes. It was proper, then, to address the petition to the treasurer of township 9, and upon such petition being duly presented to him, it was his duty to call the election which was to be conducted by the trustees of that township, and of course it would in such case be their duty to canvass and declare the result of the election.

It is argued, however, that no such petition was presented, the objection being that it was addressed to J. T. Ogle, styling him treasurer of North Litchfield Township. He was in fact the township treasurer of township 9, and as such he called the election. North Litchfield Township is the name given to township 9 under township organization, and it describes and includes the precise territory included in 9 as a congressional township.

North Litchfield Township has no treasurer, and the description of the office held by Ogle was inapt and inaccu-

rate. There was but one office of treasurer for the territory embraced in township 9, and Ogle held that office.

The petition by its terms very clearly called upon him to exercise his functions as township treasurer for school purposes, and very clearly indicated that he was addressed in that capacity and no other.

In our opinion it would be unduly technical to hold the petition vitiated by this misdescription. No other objections are urged.

The judgment will be affirmed.